# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MIKEL D. SLOAN,                )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-11-446-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Mikel D. Sloan (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 26, 1957 and was 52 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade and was enrolled in special education classes throughout his schooling. Claimant worked in the past as

a construction worker and a salvage worker. Claimant alleges an inability to work beginning January 1, 2008 due to limitations resulting from a polyp/tumor in his nose which causes severe breathing problems, shortness of breath, frequent nose bleeds, problems feeling like he is going to pass out, and problems dealing with humidity, heat, dust, and fumes. Claimant also contends he suffers from depression, headaches, inability to read or write more than his name, memory problems, concentration problems, sleep problems, hernia, back problems, problems using his hands, and problems with swelling, pain, and weakness in his legs.

**Procedural History**

On May 8, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 30, 2010, an administrative hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On July 30, 2010, the ALJ issued an unfavorable decision. On November 1, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to adequately develop the record regarding Claimant's mental impairments; and (2) failing to properly consider the opinion of a consultative examiner regarding the work-related impact of Claimant's mental impairments.

**Development of the Medical Record**

In his decision, the ALJ found Claimant suffered from the severe impairments of Chronic Obstructive Pulmonary Disorder ("COPD") and obesity. (Tr. 12). He determined Claimant retained the RFC to perform a full range of medium work except that he could climb stairs and ramps, ladders, scaffolds, and ropes frequently and balance, kneel, crouch, and crawl frequently but stoop only occasionally. (Tr. 13). After consultation with a vocational expert, the ALJ determined Claimant retained the RFC to perform the representative jobs of bench assembler and electronics assembler.

(Tr. 19). As a result, the ALJ concluded Claimant was not disabled. (Tr. 20).

Claimant first contends the ALJ should have ordered additional testing of her IQ, including an additional consultative examination. Claimant bases this contention upon the opinion of Dr. Beth Jeffries contained within her Mental Status Examination of Claimant dated June 13, 2009. Claimant reported to Dr. Jeffries that he had no problems doing his activities of daily living but stayed mostly with family rather than any friends. His thought processes were logical and goal directed. He appeared to be fully oriented to person, place, and time. Claimant was not able to do simple calculations. He was not able to remember the interviewer's name at the end of the interview. He was able to identify similarities between common objects. He had difficulty reading. Fund of information was in the very low range. Intelligence is estimated to be in the borderline range. His IQ was likely below the 70 range. Claimant was not able to interpret common proverbs and demonstrated concrete thought. (Tr. 254). Claimant's judgment appeared to be impaired and his insight into his problems appeared to be mildly impaired. Dr. Jeffries diagnosed Claimant with Borderline Intellectual Functioning, provisional. (Tr. 255).

Additionally, Claimant's attorney indicated to the ALJ at the hearing that Claimant's IQ problems noted by Dr. Jeffries together

with his other problems may allow him to meet a listing. Claimant's attorney stated he need to prove Claimant's IQ. The ALJ closed the record without acknowledging Claimant's attorney's concerns. (Tr. 50-51).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering

7

consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

In this instance, the ALJ acknowledged Dr. Jeffries' report. (Tr. 17). However, he did not include any limitations in his RFC evaluation for mental impairments. Since no other medical evidence existed in the record to assist the ALJ in determining the full extent of Claimant's intellectual limitations, a consultative examination with complete intelligence testing should have been obtained. Claimant met his burden of demonstrating a reasonable

8

possibility that a severe impairment to his intellectual capacity existed. Hawkins v. Chater, 113 F.3d 1162, 1167-68 (10th Cir. 1997). Moreover, Claimant's counsel alerted the ALJ to the fact that the medical record was lacking in intellectual functioning testing and that the possibility existed that Claimant would meet a listing if the testing showed a low IQ. On remand, the ALJ shall obtain such testing and consultative examinations as are necessary to ascertain the extent of Claimant's intellectual limitations and their effect upon his ability to engage in work-related activities.

**Consideration of Dr. Jeffries' Opinion**

Claimant also contends the ALJ should have made some provision for the limitations Dr. Jeffries found in regard to Claimant's intellectual functioning. As this Court has stated, the ALJ noted Dr. Jeffries' opinion but did not state the weight given to the opinion or reference any of the limitations found by Dr. Jeffries in Claimant's RFC. On remand, the ALJ shall consider Dr. Jeffries' opinion, its impact upon Claimant's ability to engage in work activities, and the weight given to the opinion.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the

fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 22nd day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE